# GERAGOS & GERAGOS
A PROFESSIONAL CORPORATION
LAWYERS
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411
TELEPHONE (213) 625-3900
FACSIMILE (213) 232-3255
GERAGOS@GERAGOS.COM

MARK J. GERAGOS    SBN 108325
BEN J. MEISELAS    SBN 277412
ZACK V. MULJAT    SBN 304531

*Attorneys for Plaintiff Walter DeLeon in his individual capacity, and Yovanna DeLeon as Court Appointed Conservator to Walter DeLeon*

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 04 2016

Sherri R. Carter, Executive Officer/Clerk
By: Moses Soto, Deputy

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA
## COUNTY OF LOS ANGELES – CENTRAL (STANLEY MOSK)

WALTER DELEON, an individual;
YOVANNA DELEON as court-appointed conservator to WALTER DELEON;

    Plaintiffs,

*adv.*

CITY OF LOS ANGELES; LOS ANGELES POLICE DEPARTMENT; CAIRO PALACIOS, an individual and officer; and DOE OFFICERS 1-10;

    Defendants.

Case No.: **BC 615 929**

**COMPLAINT FOR DAMAGES:**

1. **VIOLATION OF CIVIL RIGHTS 42 U.S.C. §1983**
2. **VIOLATION OF CIVIL RIGHTS – *MONELL* CLAIM**
3. **BATTERY**
4. **VIOLATION OF CIVIL CODE §52.1**
5. **NEGLIGENCE**

**DEMAND FOR JURY TRIAL**

- 1 -
COMPLAINT

**EXHIBIT 2 PAGE 10**

## I. INTRODUCTION

1. Walter DeLeon brings this civil rights Complaint for Damages against the City of Los Angeles, the Los Angeles Police Department, Los Angeles Police Department Officer Cairo Palacios, and DOE Officers 1-10 for their unlawful and out-of-protocol shooting of Mr. DeLeon, a 49-year-old unarmed Latino male.

2. Defendant Officers shot Mr. DeLeon in the head on June 19, 2015 for holding a towel, causing catastrophic injuries including, but not limited to, (1) the loss of 1 pound of cranial matter, (2) 2 weeks in a coma, (3) the inability to walk, (4) the loss of an eye and the near complete and permanent blindness in the other eye, (5) the impairment or loss of most cognitive functions, (6) daily and sometimes hourly "flashbacks," "nightmares," or "daymares" of being shot in the head, and (7) related catastrophic injuries causing the complete loss of sensations and enjoyment of life.

3. Through approximately five months in the neurology trauma center at LAC + USC Hospital and Rancho Los Amigos National Rehabilitation Center, nine massively complicated life-or-death surgeries, and through the unyielding daily support of his sister Yovanna, nephews, family, and daily nursing care, Mr. DeLeon managed to survive the unthinkable.

4. Mr. DeLeon's survival is nothing short of a miracle. Yet his permanent catastrophic injuries persist, crippling Mr. DeLeon's enjoyment of the most basic pleasures in life, and serving as a permanent reminder of the consequence of excessive and unhinged police conduct and power.



*Walter DeLeon before and after the LAPD shooting.

## II. FACTUAL BACKGROUND

### A. THE JUNE 19, 2015 UNLAWFUL SHOOTING

5. Walter DeLeon was a family man and hard worker. He had held jobs in construction and contracting. In his diverse career endeavors, he even worked as a legal assistant for a law firm.

6. On June 19, 2015, Walter DeLeon left his home for an early evening walk towards nearby Griffith Park. Mr. DeLeon frequently made such walks with his young nephews in tow; thankfully neither accompanied him that day.

7. Mr. DeLeon previously worked as a hayride driver at Griffith Park during Halloween and adored the park and the community. Mr. DeLeon lived nearby the park. Mr. DeLeon carried with him a grey towel to wipe the sweat from his brow on that summer day as he did on all hot days.

8. At approximately 6:30 p.m., Mr. DeLeon was walking on the south side of the 4300 block of Los Feliz Boulevard, mere blocks from the entrance to Griffith Park. Gridlocked traffic snarled the street, and Officer Cairo Palacios and his partner—who LAPD

1  has refused to name—were at a standstill in their cruiser, inching along in the eastbound lane
2  closest to the sidewalk on which Mr. DeLeon walked.

3      9.    Witnesses confirm that the officers began conversing with Mr. DeLeon from
4  their cruiser. Mr. DeLeon remained in a grassy area between the sidewalk and the curb, and
5  did not move onto the street where the officers' vehicle was located. Mr. DeLeon was a
6  substantial distance from the Officers and posed no threat and made no threats.

7      10.    The conversation lasted mere seconds before Officer Palacios rushed out of the
8  patrol car, drew his gun, and without warning or commands, immediately opened fire.
9  Officer Palacios fired multiple rounds at Mr. DeLeon, striking him in the right side of his
10 head.

11     11.    Mr. DeLeon was knocked to the ground and was completely incapacitated as
12 he began to bleed out from his head.

13     12.    For a significant period of time, Officer Palacios and his partner stood idly by,
14 not knowing what to do and watching Mr. DeLeon bleed out. After some time, the officers
15 approached Mr. DeLeon, unconscious and bleeding profusely from his head wound, and
16 haphazardly rolled him onto his stomach before handcuffing him.[1]

17     13.    Neither officer provided him with medical attention or assistance of any sort.
18 The entire encounter between Mr. DeLeon and the officers, from their initial conversation to
19 the sudden shooting, lasted approximately 30 seconds.

20     14.    No witness reported seeing anything in Mr. DeLeon's hands that resembled a
21 weapon or seeing any threats to officers; Mr. DeLeon only carried a towel.

22     15.    Community members who saw the uncaring LAPD officers, who first hovered
23 over Mr. DeLeon's body and then roughly flipped him over, ran out of their homes to offer
24 assistance and medical help to Mr. DeLeon.

---

[1] Footage of the officers handcuffing Mr. DeLeon has since gone viral. *See* RT, *Cops shoot man in head who waved for help with towel*, YouTube (June 24, 2015), https://www.youtube.com/watch?v=kyWFwWsXJmU.

- 4 -

COMPLAINT      **EXHIBIT 2 PAGE 13**

16. In sum, Officer Palacios shot Mr. DeLeon for carrying a towel. Officer Palacios acted unreasonably, and without privilege or justification, when shot Mr. DeLeon in the head for holding a towel. Officer Palacios was in a vehicle and had a position of advantage, and there was no threat presented to him justifying the use of deadly force, or any force at all. Officer Palacios engaged in no de-escalation protocol, and his first reaction when he saw a man holding a towel was to shot Mr. DeLeon in the head.



*Walter DeLeon recovering in his sister's care.*

### B. LAPD DEPARTMENTAL FAILURES

17. LAPD officer-involved shootings doubled in 2015 from the previous year. The lack of transparency and accountability in the shooting of Walter DeLeon is consistent with this disturbing statistic and demonstrates its root cause: LAPD's pattern and practice of sending inadequately trained officers to patrol the city with a "shoot-first and cover-up the facts later" mentality as well as a lack of training in assessing threats and utilizing de-escalation protocols.

18. Indeed, because of the Deleon incident, and similar incidents, the Los Angeles Police Commission voted just this week to move forward with new use of force protocols to address systemic failures in utilizing de-escalation protocols.

19. The LAPD Officers involved in the shooting of Mr. DeLeon, including Officer Palacios and his partner, were new to the force. Three years ago, these officers worked for the City of Los Angeles' Department of General Services providing security at public landmarks. They were only added to the rolls of the LAPD when it absorbed the Department of General Services' security detail in early 2013.

20. Officer Palacios and his partner primarily patrolled Griffith Park, much as they had previously provided security at other public places, with the crucial difference being that they were suddenly full-fledged LAPD officers by virtue of the merger.

21. Officer Palacios and his partner were not equipped with body-cameras. Their vehicles were not equipped with dashboard cameras. There were no known recording devices in their vehicle or on their person to provide a much needed layer of scrutiny regarding their conduct.

22. The combination of improper and inadequate training of officers, the lack of checks and balances on LAPD officer conduct, and an unarmed Latino man named Walter DeLeon walking with a towel in an upscale Los Feliz neighborhood created the conditions for, and the result of, catastrophe.

## PARTIES

23. Plaintiff Walter DeLeon is a resident of Los Angeles, California. Mr. DeLeon brings this action by and through his Court-appointed Conservator, and sister, Yovanna DeLeon. Ms. DeLeon has been appointed as the Conservator over the Estate and Person of Mr. DeLeon in the matter *In Re Conservatorship of Walter DeLeon* (LASC Case No. BC164104), and has full privileges and rights to bring this action on Mr. DeLeon's behalf.

24. At all times herein mentioned, the City of Los Angeles was and is a governmental entity organized and existing under the laws of the State of California.

25. Defendant Cairo Palacios, at all relevant times, was a police officer employed by the City of Pleasanton acting under color of authority.

26. The true names and capacities, whether individual, department, associate or otherwise sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiffs at the time of filing this Complaint, who therefore sue said Defendants by such fictitious names.

27. Plaintiffs are informed and believe and thereupon allege that at all times mentioned herein, Defendants DOES 1 through 50, inclusive, were, and now are, the agents, employees, servants, officers, and/or safety officers employed or retained by any or all Defendants.

28. Plaintiffs will ask leave of court to amend this Complaint to show the true names and capacities of such Defendants when the same are ascertained. Plaintiffs are informed and believe, and thereupon allege, that each of the Defendants designated herein, including DOES 1 through 10, are responsible in some manner for the happenings and occurrences hereinafter alleged, and that such conduct was a substantial factor in causing the injuries to Plaintiffs complained herein. Specifically, Doe 2 who will be substituted in this action was the partner of Officer Palacios during the incident and participated in the acts alleged herein.

## JURISDICTION, VENUE, AND NOTICE

29. This Court has jurisdiction over the entire action by virtue of the fact that this is a civil action wherein the matter in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of the Court.

30. This Court has jurisdiction over the parties pursuant to Code of Civil Procedure section 410.10, because all parties are domiciled within the State of California.

31. Pursuant to Code of Civil Procedure section 395(a), venue is proper because Plaintiff's injury occurred within the jurisdiction of this in the Count in the County of Los Angeles, California.

32. Jurisdiction is conferred upon this court by Section 1983, of Title 42, United States Code. Concurrent jurisdiction was granted to this court under *Williams vs. Horvath*

(1976) 16 Cal.3d 834, 837. Also, this Court has jurisdiction to award damages pursuant to Article VI Section 10 of the California Constitution.

33. Pursuant to Government Code Section 910, Plaintiffs and each of them submitted a Government Tort Claim on December 2, 2015 to the appropriate City Officials. The instant action is timely brought within 6 months or 180 days from the rejection of the Government Tort Claim.

## FIRST CAUSE OF ACTION

### (Violation of Civil Rights 42 U.S.C. §1983)

### Plaintiff against Defendant Palacios and DOE Defendant Officers

34. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

35. At all times material to this Complaint, Defendants were acting under color of the law in violating Plaintiff's constitutional rights as herein alleged under the First, Fourth and Fourteenth Amendments to the Constitution of the United States. The First, Fourth and Fourteenth Amendments are made applicable to the States pursuant to 42 U.S.C. §1983.

36. Plaintiff has a constitutional right to be free from the use of excessive force by law enforcement officers. Defendant Palacios and Does 1-10 caused injuries with the use of force against Plaintiff's person which was unnecessary, excessive or unreasonable, and thereby deprived Plaintiff of rights, privileges, and immunities secured to him by the Fourth Amendment to the Constitution of the United States.

37. Further, Plaintiff has a constitutional right to be free from an unreasonable seizure of his person, made without probable cause. Defendant Palacios and Does 1-10 deprived Plaintiff of rights, privileges, and immunities secured to him by the Fourth and/ or Fourteenth Amendments to the Constitution of the United States by, *inter alia*, subjecting Plaintiff to an unlawful search and seizure of his person, causing him to be taken into custody without justification or cause.

38. Due to the conduct of Defendants, and each of them, Plaintiff has suffered general damages and special damages, all in a sum to be proved at trial.

39. Due to the conduct of Defendants, and each of them, Plaintiff has been required to incur attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

40. The individual defendants acted with a conscious disregard of Plaintiff's rights conferred upon him by Section 1983, Title 42 of the United States Code, the First, Fourth and Fourteenth Amendments to the United States Constitution and California Civil Code Section 3333, by intentionally causing him injury and taking him into custody without probable cause. Such conduct constitutes malice, oppression and/or fraud under California Civil Code Section 3294, entitling Plaintiff to punitive damages against the individual Defendants in an amount suitable to punish and set an example of said Defendants.

## SECOND CAUSE OF ACTION

### (Violation of Civil Rights- *Monell* Claim)

**Plaintiff against the City of Los Angeles and Los Angeles Police Department**

41. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

42. Defendant, City of Los Angeles, knowingly, with gross negligence, and in deliberate indifference to the Constitutional rights of citizens, maintain and permit an official policy and custom of permitting the occurrence of the types of wrongs set forth hereinabove and hereafter.

43. These policies and customs include, but are not limited to, the deliberately indifferent training of its law enforcement officers in the use of excessive force and in making lawful arrests. These policies and customs also include the express and/or tacit encouragement of excessive force and arrests without probable cause, the ratification of police misconduct and the failure to conduct adequate investigations of police misconduct such that future violations do not occur.

44. Plaintiff is informed and believes, and thereon alleges, that the customs and policies were the moving force behind the violations of Plaintiff's rights. Based upon the

1  principles set forth in *Monell v. New York City Dept. of Social Services*, the City of Los
2  Angeles is liable for all of the injuries sustained by Plaintiff as set forth above.

3      45.    In acting as alleged herein, Defendants, and each of them, caused Plaintiff
4  general and special damages, in an amount to be determined at the time of trial.

5      46.    Due to the conduct of Defendants, and each of them, Plaintiff has been
6  required to incur attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's
7  damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

## THIRD CAUSE OF ACTION

### (Battery)

### Plaintiff against all Defendants

12      47.    Plaintiff realleges and incorporates by reference the allegations contained in
13  the preceding paragraphs of this Complaint, as though fully set forth herein.

14      48.    Defendant Palacios used force on Plaintiff when he shot Plaintiff in the face
15  without just cause, resulting in severe and catastrophic injuries. The conduct of Defendants
16  was unwanted and unnecessary.

17      49.    The City is liable for the acts, omissions and conduct of its employees pursuant
18  to California Government Code §815.2.

19      50.    As a direct cause of Defendants, and each of their tortious conduct, Plaintiff
20  sustained general and special damages, in an amount to be proved at the time of trial.

21      51.    The individual defendants' conduct was done so with a conscious disregard of
22  Plaintiff's rights and safety, constituting malice, oppression and/or fraud under California
23  Civil Code Section 3294, entitling Plaintiff to punitive damages against Defendant Johnson,
24  and the individual doe defendants, in an amount suitable to punish and set an example of said
25  Defendants.

# FOURTH CAUSE OF ACTION

## (Violation of Civil Code §52.1)

## Plaintiff against all Defendants

52. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

53. Defendants, acting within their scope of their duties as City of Los Angeles employees, caused injury to Plaintiff.

54. Defendant City of Los Angeles is hereby liable for the acts, omissions and conduct of its employees, including Defendants herein, whose negligent conduct was a cause in the injury to Plaintiff, pursuant to California Government Code § 815.2.

55. Plaintiffs filed a timely claim pursuant to California Government Code § 910 *et seq*. Those claims having been rejected within the past six months, this action is timely.

56. The conduct of Defendants constituted interference by threats, intimidation, or coercion, or attempted interference, with the exercise of enjoyment by Plaintiff's rights secured by the Constitution of laws of the United States, or secured by the Constitution or laws of the State of California, including interference with their right to be secure in his person and free from the use of excessive force under the Fourth Amendment and Cal. Const. Art. 1 sec. 13 as well as Cal. Civ. Code §43, and the right of protection from bodily restraint and harm.

57. As a direct cause of Defendants' conduct, Plaintiff's rights pursuant to California Civil Code §52.1 were violated, causing injuries and damages in an amount to be proved at the time of trial.

58. Due to the conduct of Defendants, and each of them, Plaintiff has been required to incur attorneys' fees and will continue to incur attorneys' fees. Pursuant to California Civil Code § 52.1, Plaintiff is entitled to recover said fees.

## FIFTH CAUSE OF ACTION

### (Negligence)

### Plaintiff against all Defendants

59. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

60. Defendants owed Plaintiff a duty of care to not injure Plaintiff in their investigation or detention of Plaintiff and the driver of the vehicle.

61. Defendants breached that duty of care when Defendant Palacios negligently discharged his weapon at Plaintiff, resulting in severe and catastrophic injuries.

62. In conducting themselves in the manner set forth herein above, Defendants have caused Plaintiff to sustain injuries and damages in an amount to be proved at the time of trial.

63. The City is liable for the acts, omissions and conduct of its employees pursuant to California Government Code §815.2.

///
///
///

WHEREFORE, Plaintiff prays for judgment as follows:

1. For general damages in an amount to be determined by proof at trial;
2. For special damages in an amount to be determined by proof at trial;
3. For punitive and exemplary damages against the individual defendants;
4. For costs of suit;
5. For reasonable attorneys' fees and costs as provided by statute; and
6. For such other and further relief as the Court deems just and proper.

DATED: April 4, 2016

GERAGOS & GERAGOS, APC

By: *[signature]*
MARK J. GERAGOS
BEN J. MEISELAS
ZACK V. MULJAT
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff WALTER DELEON hereby demands a jury trial.

DATED: April 4, 2016

GERAGOS & GERAGOS, APC

By: *[signature]*
MARK J. GERAGOS
BEN J. MEISELAS
ZACK V. MULJAT
Attorneys for Plaintiff